IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAMANUEL LAMAR KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:23CV568 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in Caswell County, North Carolina, submitted a petition under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner's seeks to attack his pending state court charges based on what he claims is inadequate representation by his attorney and his innocence of the charges. Such intervention can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not currently set out facts sufficient to meet this standard. Further, it appears that Petitioner did not seek any relief by raising his claims in the state courts. Petitioner must exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973). Unless Petitioner exhausts his remedies and can meet the requirements set out above, he should litigate the issues he raises in his state court criminal case. He cannot simply try his case in this Court.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with

the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow. The Court also notes that Petitioner names the United States of America as the Respondent, but that it appears that he is a prisoner of the State of North Carolina and the Sheriff of Caswell County, not the United States or any federal entity or person. He should list his proper custodian in any refiling.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition that the defects of the current Petition.

This, the 25th day of July, 2023

                                            /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                                      **United States Magistrate Judge**